1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL SCOTT DAVIS,                        No.  2:19-CV-2072-DMC-P

12                    Plaintiff,

13          v.                                    <u>ORDER</u>

14    SCOTT JONES, et al.,

15                    Defendants.

16

17                Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint (ECF No. 8).

19                The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

# I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, Michael Scott Davis, is an inmate at Sacramento County Main Jail. Plaintiff names the following defendants: (1) Scott Jones, Sheriff, (2) Doctor Robert Padilla, (3) J. Holt, Nurse Practitioner, and (4) Sacramento County Main Jail's Chief Medical Officer.[1]

Plaintiff claims that defendants violated his Eighth Amendment rights by denying him medical treatment after he was arrested. Plaintiff has a spinal cord disorder and suffers from severe chronic pain in his lower back and hips. Plaintiff also suffers from a chronic shoulder condition. Plaintiff claims that two men assaulted him on September 3, 2019 and exacerbated his injuries in his lower back and shoulder. Plaintiff sought treatment in an emergency room on September 4, 2019. Plaintiff alleges that the emergency room report stated that plaintiff should see his surgeon within three days and prescribed plaintiff a seven-day supply of Norco, a narcotic, for severe acute and chronic pain. Plaintiff was arrested and booked into Sacramento County Main Jail on September 5, 2019. Plaintiff claims he told an intake nurse about his medical conditions, and she told him he would be placed on the doctor's call list. Plaintiff alleges that his doctor's appointments on September 10th, 17th, and 24th of 2019 were cancelled without explanation. Plaintiff also claims that on September 30, 2019, a judge ordered that plaintiff see a doctor because plaintiff had not yet been to a surgeon per emergency room orders or received treatment for his pain condition.

///

///

---

[1]     Plaintiff also makes various allegations against Sacramento County Main Jail, however, plaintiff does not name Sacramento County Main Jail as a defendant in his complaint.

1    Plaintiff alleges that he saw defendant Holt, a nurse practitioner, on October 1,
2    2019. Plaintiff claims defendant Holt also violated his Eighth Amendment rights by being
3    deliberately indifferent to plaintiff's medical needs and exacerbating plaintiff's existing medical
4    injury. Plaintiff requested Norco from defendant Holt, who allegedly responded by explaining to
5    plaintiff that Sacramento County Main Jail had a policy that prevented medical professionals
6    from prescribing narcotic pain medication unless a patient is dying of cancer. Plaintiff also alleges
7    that despite having knowledge of plaintiff's shoulder condition, defendant Holt forcibly pulled
8    plaintiff's right arm forward until it was at a ninety-degree angle to plaintiff's torso. Plaintiff
9    claims he started screaming for Holt to stop, but Holt nevertheless forcibly pushed plaintiff's arm
10   backward behind his torso. Plaintiff alleges that he continued to scream while defendant Holt
11   lifted plaintiff's arm high above his shoulder's range of motion and rotated it twice. Plaintiff
12   claims he is in worse pain than ever before due to defendant Holt's actions. Plaintiff also alleges
13   that his shoulder now clicks, pops, and glides whenever he tries to move it.

14   Plaintiff claims he saw Sacramento County Main Jail's orthopedic surgeon on or
15   around October 26, 2019, who told plaintiff that he needed surgery. Plaintiff alleges that he did
16   not see defendant Doctor Robert Padilla until November 6, 2019, which was 33 days after a
17   superior court judge ordered that plaintiff immediately be seen by a doctor. Plaintiff claims
18   Padilla told him that the Sacramento County Jail's Chief Medical Officer denied the surgeons'
19   order for plaintiff to get an MRI. Plaintiff requested Norco from defendant Padilla, who reiterated
20   the jail's policy that prevented prescribing narcotics unless the patient was dying from cancer.
21   Plaintiff alleges that the policy violates his Fourteenth Amendment rights to equal protection
22   because it goes against the provisions set out in the Pain Patient's Bill of Rights. Plaintiff also
23   claims that the delay in seeing Doctor Padilla caused him to suffer unnecessary severe pain in
24   violation of his Eighth Amendment right to be free of cruel and unusual punishment.
25   ///
26   ///
27   ///
28   ///

3

1    Plaintiff requests all defendants be charged with misdemeanors for violating

2    California Penal Code § 673 by inflicting cruel, corporal, and unusual punishment. Plaintiff also

3    requests that defendant Holt be charged with battery causing serious injury, assault and battery

4    with force to produce great bodily injury, gross negligence, medical malpractice, and cruel and

5    unusual punishment. Plaintiff requests compensatory damages for his injury as well as his pain

6    and suffering, with the exact amount to be determined after plaintiff has his right shoulder

7    replaced. Plaintiff also requests punitive damages from defendant Holt due to Holt's alleged

8    indifference to plaintiff's serious medical needs and exacerbation of plaintiff's existing medical

9    injury.

10

11                                    **II.  DISCUSSION**

12    The Court finds that plaintiff states a cognizable Eighth Amendment medical

13    mistreatment claim against defendant Holt in respect to Holt painfully manipulating the plaintiff's

14    arm during a medical procedure. However, the Court finds that plaintiff's claim nevertheless

15    suffers five defects. First, plaintiff has failed to establish a cognizable claim against defendant

16    Sheriff Jones because plaintiff has not alleged any specific causal connection between Sheriff

17    Jones and the alleged constitutional violations. Second, plaintiff has failed to state a cognizable

18    claim against defendant Padilla because plaintiff fails to allege that Padilla's behavior amounted

19    to the deliberate indifference required to successfully establish a cognizable Eighth Amendment

20    medical treatment claim. Third, plaintiff has failed to state a cognizable claim against defendant

21    Sacramento County Main Jail Chief Medical Officer because plaintiff did not establish a

22    sufficient causal link between the CMO and any of the alleged constitutional violations. Fourth,

23    plaintiff cannot allege a cognizable Fourteenth Amendment equal protection claim regarding the

24    prison's anti-narcotics policy because the policy has a legitimate penological purpose. Fifth,

25    plaintiff has failed to request appropriate damages for defendants' alleged constitutional

26    violations.

27    ///

28    ///

4

1          A.        **Claims Against Sheriff Jones**

2                  Supervisory personnel are generally not liable under § 1983 for the actions of their

3    employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

4    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

5    violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

6    Supreme Court has rejected the notion that a supervisory defendant can be liable based on

7    knowledge and acquiescence in a subordinate's unconstitutional conduct because government

8    officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

9    and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

10   personnel who implement a policy so deficient that the policy itself is a repudiation of

11   constitutional rights and the moving force behind a constitutional violation may, however, be

12   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

13   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

14                 When a defendant holds a supervisory position, the causal link between such

15   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

16   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

17   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

18   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

20   official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

21                 Here, plaintiff has failed to allege any specific causal link between Sheriff Jones

22   and the alleged constitutional violations. Plaintiff does not explain or even mention Sheriff

23   Jones's role in the alleged events. As a result, plaintiff has failed to establish that Sheriff Jones

24   condoned or directly participated in the alleged constitutional violations. Plaintiff has also failed

25   to establish that Sheriff Jones implemented a policy that caused the alleged constitutional

26   violations to occur. Plaintiff's claims against Sheriff Jones's subordinates are not sufficient to

27   ///

28   ///

1    establish a cognizable § 1983 against Sheriff Jones because supervisory personnel are only

2    responsible for their own actions under § 1983. Therefore, plaintiff has failed to allege a

3    cognizable claim against Sheriff Jones.

4              **B.      Eighth Amendment Delay in Medical Treatment Claim Against
                         Doctor Padilla**

5              The treatment a prisoner receives in prison and the conditions under which the

6    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

7    and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

8    511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

9    of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

10   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

11   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

12   "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

13   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

14   two requirements are met: (1) objectively, the official's act or omission must be so serious such

15   that it results in the denial of the minimal civilized measure of life's necessities; and (2)

16   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

17   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

18   official must have a "sufficiently culpable mind."  See id.

19             Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

20   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

21   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

22   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by

23   Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to

24   treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

25   wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

26   on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

27   ///

28   ///

1  also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness

2  are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

3  whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

4  condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

5  1131-32 (9th Cir. 2000) (en banc).

6         The requirement of deliberate indifference is less stringent in medical needs cases

7  than in other Eighth Amendment contexts because the responsibility to provide inmates with

8  medical care does not generally conflict with competing penological concerns.  See McGuckin,

9  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

10  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

11  1989).  Delay in providing medical treatment, or interference with medical treatment, may also

12  constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged,

13  however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin,

14  974 F.2d at 1060.

15         Here, plaintiff has failed to state a cognizable Eighth Amendment claim against

16  Doctor Padilla because it is not clear from plaintiff's allegations that Doctor Padilla's behavior

17  amounted to deliberate indifference. Plaintiff claims he did not see Doctor Padilla until 33 days

18  after a judge ordered plaintiff be seen by a doctor. See ECF No. 1, p. 4. However, plaintiff does

19  not allege that Doctor Padilla was responsible for that delay or knew that plaintiff had been

20  waiting for 33 days. Doctor Padilla could not have shown deliberate indifference to plaintiff's

21  needs if he was not responsible for the delay in seeing plaintiff or if he did not previously know of

22  plaintiff's need for medical treatment. Therefore, plaintiff's allegation that he did not see Doctor

23  Padilla until 33 days after a judge ordered plaintiff be seen by a doctor is not, in and of itself,

24  sufficient to state a cognizable Eighth Amendment claim against Doctor Padilla.

25  ///

26  ///

27  ///

28  ///

1

**C.      Plaintiff's Claims Against Sacramento County Jail's CMO**

2              To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

3 connection or link between the actions of the named defendants and the alleged deprivations.  See

4 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

5 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

6 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

7 an act which he is legally required to do that causes the deprivation of which complaint is made."

8 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

9 concerning the involvement of official personnel in civil rights violations are not sufficient.  See

10 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

11 specific facts as to each individual defendant's causal role in the alleged constitutional

12 deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

13              Here, plaintiff has failed to state a cognizable claim against Sacramento County

14 Main Jail's CMO because plaintiff's allegations do not clearly explain the CMO's link to the

15 causal events. Plaintiff's only reference to the CMO is that defendant Padilla told plaintiff that the

16 CMO denied the orthopedic surgeon's MRI order for plaintiff. See ECF No. 1, p. 4. However,

17 plaintiff does not explain if or why he believes this action amounted to a constitutional violation.

18 Based on plaintiff's complaint, it is unclear whether plaintiff is attempting to sue the CMO for an

19 Eighth Amendment medical care claim, a Fourteenth Amendment equal protection claim based

20 on the drug policy in Sacramento County Main Jail, or for other constitutional violations under a

21 theory of respondeat superior similar to plaintiff's allegations against Sheriff Jones. Because

22 plaintiff has not established a sufficient causal connection between the CMO and any

23 constitutional violation, he has failed to allege a cognizable § 1983 complaint against the

24 Sacramento County Main Jail CMO.

25 ///

26 ///

27 ///

28 ///

1

###### D.       Fourteenth Amendment Equal Protection Claim

2          Equal protection claims arise when a charge is made that similarly situated

3   individuals are treated differently without a rational relationship to a legitimate state purpose.  See

4   San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Equal protection claims are not

5   necessarily limited to racial and religious discrimination.  See Lee v. City of Los Angeles, 250

6   F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a

7   disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler,

8   2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based

9   on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower

10   v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[2]

11          In order to state a § 1983 claim based on a violation of the Equal Protection Clause

12   of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional

13   discrimination against plaintiff, or against a class of inmates which included plaintiff, and that

14   such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v.

15   Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class

16   of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v.

17   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

18   F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

19          Here, plaintiff cannot establish a cognizable Fourteenth Amendment claim because

20   the prison's ban on narcotics prescriptions serves a legitimate penological purpose. The state has

21   a legitimate interest in deterring substance abuse within the prison system. See Overton v.

22   Bazzetta, 539 U.S. 126, 134 (2003). Narcotics are among the most frequently abused substances.

23   Therefore, a policy that strictly regulates the distribution of narcotics within the prison system has

24   a legitimate penological interest. Plaintiff does not allege that Doctor Padilla refused to treat his

25   pain condition. Rather, plaintiff alleges that defendants refused to provide him with his preferred

26

---

27          [2]    **Error! Main Document Only.**Strict scrutiny applies to equal protection claims
alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected
class"); minimal scrutiny applies to all other equal protection claims.  See Lee v. City of Los

28   Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

1 treatment. See ECF No. 8, p. 4. Differences in medical opinion do not amount to constitutional

2 violations. See Toguchi v. Young, 391 F.3d 1051, 1059-60 (9th Cir. 2004). Plaintiff cannot

3 establish a cognizable Fourteenth Amendment claim because the regulation in question serves a

4 legitimate penological purpose.

5 **E.    Plaintiff's Damages Request**

6 "Under § 1983, damages for violations of constitutional rights are determined

7 according to principles derived from the common law or torts."  Cummings v. Connell, 402 F.3d

8 936, 942 (9th Cir. 2005).

9 The Court acknowledges that plaintiff requests that defendants be criminally

10 charged for their alleged treatment of plaintiff. However, the imposition of criminal charges on

11 defendants is not an available form of relief for § 1983 actions or any other type of civil suit.

12 Criminal charges can only be brought in a criminal proceeding. See U.S. CONST. amend. VI. A

13 § 1983 action is not a criminal proceeding. Thus, plaintiff cannot recover damages in the form of

14 criminal charges against defendants.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a third amended complaint within 30 days of the date of service of this order. Also, the Clerk of the Court is directed to update the docket heading to reflect all named defendants.

Dated:  June 25, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11