1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL SCOTT DAVIS,                          No.  2:19-CV-2072-TLN-DMC

12                  Plaintiff,

13         v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14   SCOTT JONES, et al.,

15                  Defendants.

16

17                  Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint (ECF No. 8).

19                  The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                    1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                              **I.  PLAINTIFF'S ALLEGATIONS**

8                    In its June 25, 2020, screening order, the Court summarized plaintiff's factual

9   allegations as follows:

10                    Plaintiff, Michael Scott Davis, is an inmate at Sacramento
      County Main Jail. Plaintiff names the following defendants: (1) Scott
11    Jones, Sheriff, (2) Doctor Robert Padilla, (3) J. Holt, Nurse Practitioner,
      and (4) Sacramento County Main Jail's Chief Medical Officer.[1]
12                    Plaintiff claims that defendants violated his Eighth
      Amendment rights by denying him medical treatment after he was
13    arrested. Plaintiff has a spinal cord disorder and suffers from severe
      chronic pain in his lower back and hips. Plaintiff also suffers from a
14    chronic shoulder condition. Plaintiff claims that two men assaulted him on
      September 3, 2019 and exacerbated his injuries in his lower back and
15    shoulder. Plaintiff sought treatment in an emergency room on September
      4, 2019. Plaintiff alleges that the emergency room report stated that
16    plaintiff should see his surgeon within three days and prescribed plaintiff a
      seven-day supply of Norco, a narcotic, for severe acute and chronic pain.
17    Plaintiff was arrested and booked into Sacramento County Main Jail on
      September 5, 2019. Plaintiff claims he told an intake nurse about his
18    medical conditions, and she told him he would be placed on the doctor's
      call list. Plaintiff alleges that his doctor's appointments on September
19    10th, 17th, and 24th of 2019 were cancelled without explanation. Plaintiff
      also claims that on September 30, 2019, a judge ordered that plaintiff see a
20    doctor because plaintiff had not yet been to a surgeon per emergency room
      orders or received treatment for his pain condition.
21                    Plaintiff alleges that he saw defendant Holt, a nurse
      practitioner, on October 1, 2019. Plaintiff claims defendant Holt also
22    violated his Eighth Amendment rights by being deliberately indifferent to
      plaintiff's medical needs and exacerbating plaintiff's existing medical
23    injury. Plaintiff requested Norco from defendant Holt, who allegedly
      responded by explaining to plaintiff that Sacramento County Main Jail had
24    a policy that prevented medical professionals from prescribing narcotic
      pain medication unless a patient is dying of cancer. Plaintiff also alleges
25    that despite having knowledge of plaintiff's shoulder condition, defendant
      Holt forcibly pulled plaintiff's right arm forward until it was at a ninety-
26    degree angle to plaintiff's torso. Plaintiff claims he started screaming for

27   _____

28    [1]      Plaintiff also makes various allegations against Sacramento County Main Jail,
      however, plaintiff does not name Sacramento County Main Jail as a defendant in his complaint.

                                            2

Holt to stop, but Holt nevertheless forcibly pushed plaintiff's arm backward behind his torso. Plaintiff alleges that he continued to scream while defendant Holt lifted plaintiff's arm high above his shoulder's range of motion and rotated it twice. Plaintiff claims he is in worse pain than ever before due to defendant Holt's actions. Plaintiff also alleges that his shoulder now clicks, pops, and glides whenever he tries to move it.

Plaintiff claims he saw Sacramento County Main Jail's orthopedic surgeon on or around October 26, 2019, who told plaintiff that he needed surgery. Plaintiff alleges that he did not see defendant Doctor Robert Padilla until November 6, 2019, which was 33 days after a superior court judge ordered that plaintiff immediately be seen by a doctor. Plaintiff claims Padilla told him that the Sacramento County Jail's Chief Medical Officer denied the surgeons' order for plaintiff to get an MRI. Plaintiff requested Norco from defendant Padilla, who reiterated the jail's policy that prevented prescribing narcotics unless the patient was dying from cancer. Plaintiff alleges that the policy violates his Fourteenth Amendment rights to equal protection because it goes against the provisions set out in the Pain Patient's Bill of Rights. Plaintiff also claims that the delay in seeing Doctor Padilla caused him to suffer unnecessary severe pain in violation of his Eighth Amendment right to be free of cruel and unusual punishment.

ECF No. 13, pg. 4.

## II.  DISCUSSION

In its June 25, 2020, screening order, the Court found that plaintiff stated a cognizable Eighth Amendment claim against defendant Holt. However, the Court also found that plaintiff's complaint failed in all other respects. Specifically, the Court stated that:

> . . . First, plaintiff has failed to establish a cognizable claim against defendant Sheriff Jones because plaintiff has not alleged any specific causal connection between Sheriff Jones and the alleged constitutional violations. Second, plaintiff has failed to state a cognizable claim against defendant Padilla because plaintiff fails to allege that Padilla's behavior amounted to the deliberate indifference required to successfully establish a cognizable Eighth Amendment medical treatment claim. Third, plaintiff has failed to state a cognizable claim against defendant Sacramento County Main Jail Chief Medical Officer because plaintiff did not establish a sufficient causal link between the CMO and any of the alleged constitutional violations. Fourth, plaintiff cannot allege a cognizable Fourteenth Amendment equal protection claim regarding the prison's anti-narcotics policy because the policy has a legitimate penological purpose. . . .

ECF No. 13, pg. 4.

/ / /

/ / /

3

As to defendant Jones, the Court stated:

> Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).
>
> When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.
>
> Here, plaintiff has failed to allege any specific causal link between Sheriff Jones and the alleged constitutional violations. Plaintiff does not explain or even mention Sheriff Jones's role in the alleged events. As a result, plaintiff has failed to establish that Sheriff Jones condoned or directly participated in the alleged constitutional violations. Plaintiff has also failed to establish that Sheriff Jones implemented a policy that caused the alleged constitutional violations to occur. Plaintiff's claims against Sheriff Jones's subordinates are not sufficient to establish a cognizable § 1983 against Sheriff Jones because supervisory personnel are only responsible for their own actions under § 1983. Therefore, plaintiff has failed to allege a cognizable claim against Sheriff Jones.

ECF No. 13, pgs. 5-6.

As to defendant Padilla, the Court stated:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the

4

official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Here, plaintiff has failed to state a cognizable Eighth Amendment claim against Doctor Padilla because it is not clear from plaintiff's allegations that Doctor Padilla's behavior amounted to deliberate indifference. Plaintiff claims he did not see Doctor Padilla until 33 days after a judge ordered plaintiff be seen by a doctor. See ECF No. 1, p. 4. However, plaintiff does not allege that Doctor Padilla was responsible for that delay or knew that plaintiff had been waiting for 33 days. Doctor Padilla could not have shown deliberate indifference to plaintiff's needs if he was not responsible for the delay in seeing plaintiff or if he did not previously know of plaintiff's need for medical treatment. Therefore, plaintiff's allegation that he did not see Doctor Padilla until 33 days after a judge ordered plaintiff be seen by a doctor is not, in and of itself, sufficient to state a cognizable Eighth Amendment claim against Doctor Padilla.

ECF No. 13, pgs. 6-7.

/ / /

/ / /

/ / /

1

As to defendant Sacramento County Main Jail's CMO, the Court stated:

2

To state a claim under 42 U.S.C. § 1983, the plaintiff must
allege an actual connection or link between the actions of the named
defendants and the alleged deprivations. See Monell v. Dep't of Social
Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A
person 'subjects' another to the deprivation of a constitutional right,
within the meaning of § 1983, if he does an affirmative act, participates in
another's affirmative acts, or omits to perform an act which he is legally
required to do that causes the deprivation of which complaint is made."
Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and
conclusory allegations concerning the involvement of official personnel in
civil rights violations are not sufficient. See Ivey v. Board of Regents, 673
F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific
facts as to each individual defendant's causal role in the alleged
constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th
Cir. 1988).

Here, plaintiff has failed to state a cognizable claim against
Sacramento County Main Jail's CMO because plaintiff's allegations do
not clearly explain the CMO's link to the causal events. Plaintiff's only
reference to the CMO is that defendant Padilla told plaintiff that the CMO
denied the orthopedic surgeon's MRI order for plaintiff. See ECF No. 1, p.
4. However, plaintiff does not explain if or why he believes this action
amounted to a constitutional violation. Based on plaintiff's complaint, it is
unclear whether plaintiff is attempting to sue the CMO for an Eighth
Amendment medical care claim, a Fourteenth Amendment equal
protection claim based on the drug policy in Sacramento County Main
Jail, or for other constitutional violations under a theory of respondeat
superior similar to plaintiff's allegations against Sheriff Jones. Because
plaintiff has not established a sufficient causal connection between the
CMO and any constitutional violation, he has failed to allege a cognizable
§ 1983 complaint against the Sacramento County Main Jail CMO.

ECF No. 13, pg. 8.

Finally, the Court determined that plaintiff failed to state a Fourteenth Amendment

Equal Protection claim based on the denial of narcotic medication.  The Court stated:

Equal protection claims arise when a charge is made that
similarly situated individuals are treated differently without a rational
relationship to a legitimate state purpose. See San Antonio School District
v. Rodriguez, 411 U.S. 1 (1972). Equal protection claims are not
necessarily limited to racial and religious discrimination. See Lee v. City
of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal
scrutiny to equal protection claim by a disabled plaintiff because the
disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007
WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal
protection claim based on denial of in-cell meals where no allegation of
race-based discrimination was made); Hightower v. Schwarzenegger,
2007 WL 732555 (E.D. Cal. March 19, 2008). (footnote omitted).

/ / /

1

2

3

4

5

6

> In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

7

8

9

10

11

12

13

> Here, plaintiff cannot establish a cognizable Fourteenth Amendment claim because the prison's ban on narcotics prescriptions serves a legitimate penological purpose. The state has a legitimate interest in deterring substance abuse within the prison system. See Overton v. Bazzetta, 539 U.S. 126, 134 (2003). Narcotics are among the most frequently abused substances. Therefore, a policy that strictly regulates the distribution of narcotics within the prison system has a legitimate penological interest. Plaintiff does not allege that Doctor Padilla refused to treat his pain condition. Rather, plaintiff alleges that defendants refused to provide him with his preferred treatment. See ECF No. 8, p. 4. Differences in medical opinion do not amount to constitutional violations. See Toguchi v. Young, 391 F.3d 1051, 1059-60 (9th Cir. 2004). Plaintiff cannot establish a cognizable Fourteenth Amendment claim because the regulation in question serves a legitimate penological purpose.

14

ECF No. 13, pgs. 9-10.

15

16

17

18

19

20

In the screening order, plaintiff was granted leave to file a third amended complaint. Plaintiff was also warned that failure to amend would result in the Court issuing "findings and recommendations that the claims identified [therein] as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims." Id. at 11. To date, plaintiff has not filed a third amended complaint. Therefore, the Court now issues these findings and recommendations consistent with the Court's prior screening order.

21

/ / /

22

/ / /

23

/ / /

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

7

1

### III. CONCLUSION

2      Based on the foregoing, the undersigned recommends that:

3      1.      Plaintiff's action proceed on the second amended complaint solely on his

4  Eight Amendment claim against defendant J. Holt; and

5      2.      All other claims and defendants be dismissed from this action.

6      These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court.  Responses to objections shall be filed within 14 days after service of

10  objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u>

11  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12

13  Dated:  August 19, 2020

14  _____

15  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28